564 So.2d 1158 (1990)
Allen David SHIVER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1051.
District Court of Appeal of Florida, First District.
July 10, 1990.
*1159 Michael R. Buchanan, Trenton, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
BOOTH, Judge.
This cause is before us on appeal of appellant's conviction for second-degree murder. Appellant has raised numerous issues for our consideration, which we affirm without discussion with one exception.
In October 1987, appellant became involved in a barroom fight in Gainesville, Florida. Appellant had come to the bar with his girlfriend, who became extremely intoxicated. Sometime during the evening, she approached another man and asked for jukebox money. Appellant saw this and became angry, so he forced her to leave. She ended up on the ground once she was outside, although it is unclear whether that happened because of her intoxication or because of appellant's behavior. Paramedics were called. After they arrived, another patron informed them that appellant had been manhandling her while still inside the bar. Appellant overheard this.
When the patron returned to the bar, appellant followed close behind. Shortly thereafter he picked a fight with the patron's friend and knifed him to death. Several witnesses were asked to testify about appellant's demeanor and appearance as he was reentering the bar. One witness testified that it was evident that the men were angrily exchanging words. The witness stated, "I knew there was going to be trouble." Another witness stated, "I had a feeling that, you know, something was going to happen." The witness elaborated that, "It wasn't a friendly feeling. It was more like we was [sic] going to have trouble with him." A third witness testified that appellant "looked like he was going to get revenge on somebody." A fourth witness answered "yes" to the question, "Did you perceive or form an impression in your mind from any source that there might be trouble and that you had better get back inside the bar?"
Appellant challenges this testimony as inadmissible opinion evidence from lay witnesses. Section 90.701, Florida Statutes, provides:
If a witness is not testifying as an expert his testimony about what he perceived may be in the form of inference and opinion when:
(1) The witness cannot readily, and with equal accuracy and adequacy, communicate what he has perceived to the trier of fact without testifying in terms of inferences or opinions and his use of inferences or opinions will not mislead the trier of fact to the prejudice of the objecting party; and

*1160 (2) The opinions and inferences do not require a special knowledge, skill, experience, or training.
As it is practically impossible to describe another's appearance in such a manner as to convey to a jury an accurate picture of the emotions shown by him at the time, in criminal cases, a witness may testify that a person was angry, threatening, or pretty mad. See 23 Fla.Jur.2d Evidence and Witnesses § 653 (1981). However, it has been stated that a witness should not testify to the undisclosed intention or motive of a third person. Branch v. State, 118 So. 13 (Fla. 1928). The distinction between these principles is fine indeed, as shown by comparing the "permissible" testimony that someone was threatening, to the "impermissible" testimony of someone's future intentions. The opinion rule has been criticized as virtually impossible to consistently apply in practice. See United States v. Pierson, 503 F.2d 173, 176 (D.C. Cir.1974).
In Kight v. State, 512 So.2d 922 (Fla. 1987), the Supreme Court upheld a trial court ruling excluding the victim's lay opinion that a codefendant was encouraging appellant Kight to cut the victim's throat. The codefendant had made a somewhat ambiguous statement which the victim believed was intended to dare Kight to kill him. The court stated (512 So.2d at 929):
Under Section 90.701, before a lay witness may testify in the form of inference and opinion the party offering the testimony must establish that "the witness cannot [otherwise] readily, and with equal accuracy and adequacy, communicate what he has perceived to the trier of fact" and that the witness' "use of inferences or opinions will not mislead the trier of fact to the prejudice of the objecting party."
Because the record established that the codefendant made the statement while placing his hand on the hand Kight was using to hold the knife, and further established that the codefendant then pressed his hand into Kight's so as to force the knife into the victim's throat, the court concluded that the facts elicited about the knife and hands adequately conveyed the opinion to the jury so that it could draw its own inferences.
The record sub judice does not reflect that direct factual evidence of appellant's intentions was otherwise elicited before the jury, and we have no problem with three of the four challenged statements. More troubling, however, was the statement that appellant "looked like he was going to get revenge on somebody." Although characterized as a statement about appellant's appearance, it is arguable that this testimony also went to appellant's intent or motive when he reentered the bar.
The Florida Supreme Court and numerous other jurisdictions have permitted witnesses to give their opinion about another's mental state. See Bohannon v. Pegelow, 652 F.2d 729 (7th Cir.1981); United States v. Guzzino, 810 F.2d 687 (7th Cir.1987); 32 C.J.S. Evidence § 546(29) (1964); United States v. Mastberg, 503 F.2d 465 (9th Cir.1974); Sims v. State, 59 Fla. 38, 52 So. 198 (1910); and cases cited therein. Naturally, such testimony must otherwise satisfy the rule requirements that the testimony be uncommunicable in the form of objective, observed facts, and not be misleading.
After careful consideration, we conclude that the challenged testimony described the witness's factual observation of appellant's mental state at the time. We conclude that the trial court acted within its discretion in determining that the testimony met the rule requirements for admission.
WENTWORTH, J., concurs.
ERVIN, J., concurs and dissents with written opinion.
ERVIN, Judge, concurring and dissenting.
I concur with the majority's disposition of all issues except that relating to permitting the lay witnesses' opinion testimony into evidence. In answer to various questions involving the witnesses' mental impressions of what had taken place between the defendant and other persons, or how the defendant appeared to the witnesses, the various responses included the following: *1161 "I could tell that they were angry and was passing words back and forth. I knew there was going to be trouble[;]" "I had a feeling that, you know, something was going to happen[;]" "No it wasn't a friendly feeling. It was more like we was going to have trouble with him. As far as, you know, having feeling, when you walk through that door I have that feeling[;]" "He looked like he was going to get revenge on somebody."[1]
I am aware of the rule that the physical and mental condition or appearance of a person, as well as his or her manner, habits, or conduct, may be proven by the opinion of an ordinary witness, based upon his or her observations. See, e.g., Sims v. State, 59 Fla. 38, 52 So. 198, 199 (1910) (testimony that defendant at time of crime "appeared like he was a pretty mad man" held admissible); Mitchell v. State, 43 Fla. 584, 31 So. 242 (1901); Higginbotham v. State, 42 Fla. 573, 29 So. 410 (1900). Nevertheless, a witness should not be permitted to offer his or her opinion of the undisclosed intention or motive of a defendant; rather the witness's testimony should be confined to a statement of the facts, and the jury should be left to draw the proper inferences as to the defendant's intentions or motives. 24 Fla.Jur.2d Evidence and Witnesses § 653 (1981) (citing Branch v. State, 96 Fla. 307, 118 So. 13 (1928)). The witnesses' descriptions of defendant's manner or conduct at the time of the crime are without doubt admissible. Moreover, testimony describing the defendant's mood, i.e., that he appeared upset and angry, is similarly admissible.
The difficulty with much of the witnesses' mental perceptions below, as communicated before the jury, is that they were not confined to the facts as seen by the witnesses, or to the mental condition of the defendant, but extended to speculative ruminations of events that might imminently occur, such as, "I knew there was going to be trouble." As such, they should not have been admitted.
As the Second District observed in Mills v. Redwing Carriers, Inc., 127 So.2d 453, 457 (Fla. 2d DCA 1961): "[W]here the opinion is nothing more than the speculation of an admitted nonexpert on the issue involved, to that extent it does invade the province of the jury, which is equally competent to reach such a conclusion upon the same physical facts observed by the witness and made known to the jury by exhibits and testimony." (Emphasis added.) This rule is particularly applicable to situations in which the witnesses' mental impressions are otherwise adequately conveyed by legally permissible evidence. For example, in Kight v. State, 512 So.2d 922 (Fla. 1987), cert. denied, 485 U.S. 929, 108 S.Ct. 1100, 99 L.Ed.2d 262 (1988), the court held that the trial court had appropriately excluded a witness's opinion testimony that another person was encouraging the defendant to cut the witness's throat. The supreme court observed that "[u]nder section 90.701, before a lay witness may testify in the form of inference and opinion the party offering the testimony must establish that the witness cannot [otherwise] readily, and with equal accuracy and adequacy, communicate what he has perceived to the trier of fact' and that the witness' `use of inferences or opinions will not mislead the trier of fact to the prejudice of the objecting party.'" Id. at 929. The court continued that the witness adequately conveyed his perception of the incident to the jury by recounting the facts; hence, there was no necessity for the witness's opinion of what the other person intended by encouraging the defendant to place a knife at the witness's throat. In both Kight and the case at bar, the witnesses could and did otherwise testify as to facts, i.e., verbal statements and physical acts, which would readily communicate their perceptions to the jury as adequately as if they had testified in the form of an opinion.
Nevertheless, if the witnesses' opinion testimony below had been confined simply to their mental perceptions of trouble, which was not only about to occur, but, in fact, did occur, I could readily agree that the conviction should be affirmed under the theory of harmless error. The additional *1162 statement, however, that the defendant "looked like he was going to get revenge on somebody," is, in my judgment, altogether different, and, when considered along with the previous statements referred to above, the error can no longer be considered harmless. This is so because the latter testimony was clearly the witness's speculative opinion of the defendant's undisclosed intention or motive and tended to mislead the jury to the prejudice of the defendant.[2] It certainly could have suggested to the jury that the defendant intended without legal provocation to revenge himself upon a person who had previously struck him, and therefore that the defendant could not have reasonably believed that the force he used was necessary for his own self-defense  an issue that was clearly before the jury.
I would therefore reverse the conviction as to this issue and remand the case for new trial.
NOTES
[1] Timely objections to these statements were made during trial.
[2] See C.W. Ehrhardt, Florida Evidence § 701.1, at 386-87 (2d ed. 1984).