860 So.2d 464 (2003)
Darryl VALLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-3809.
District Court of Appeal of Florida, Fourth District.
October 29, 2003.
Rehearing Denied December 17, 2003.
*466 Carey Haughwout, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Darryl Valley was charged with and convicted of one count of strong arm robbery and one count of burglary with assault. We hold that the trial court erred in admitting certain collateral crime evidence and permitting an investigating police officer to testify to the identity of the defendant through the use of hearsay.
The charges against Valley arise from a robbery that occurred on November 27, 1999 next to a drive-through automated teller machine (ATM). At approximately 9:10 p.m., Christy Gentry drove up to the ATM to conduct a transaction. A man in a hooded sweatshirt approached her vehicle and told her, "this is a robbery." The assailant then got into the back seat of her car and told her to run an account balance. The assailant demanded money and jewelry from Gentry and she complied. Thereafter, the assailant exited the car and fled on foot.
Gentry was unable to identify her assailant due to the fact that his face was partially concealed by the hooded sweatshirt. She could only generally identify the man as a black male, fairly tall, with a "smushed" nose. However, the police were able to obtain fingerprints from the rear window of her car near where the assailant entered.
Approximately a month later, on December 23rd, Officer Steve Powser was conducting surveillance of the ATM and the surrounding area due to prior incidents in the area. He observed a silver vehicle driving slowly by the bank watching a female at the drive-through ATM. Officer Powser stopped the vehicle. Inside the vehicle was Valley and a female companion. They told Officer Powser that they were lost and looking for the mall. While speaking to Valley, Officer Powser observed a hooded sweatshirt in the backseat of the vehicle. Valley was not arrested at that time. However, Officer Powser ran a criminal history check on Valley and obtained a copy of his fingerprints. Valley's fingerprints matched the prints taken from the victim's vehicle. Charges were then filed against Valley.
Prior to trial, the State filed a Notice of Intent to use evidence of other crimes and bad acts. The State indicated its intent to offer evidence about: 1) charges filed against Valley in another robbery/burglary that occurred at the same ATM on November 23, 1999 (four days before the robbery in the instant case); 2) an attempted robbery that occurred on December 19, 1999[1]; and 3) the incident on December 23, 1999 where Officer Powser observed Valley driving suspiciously around the parking lot next to the ATM. The trial court held a hearing and ultimately determined, over the objection of the defense, that the evidence was admissible.
*467 During trial, Gentry testified regarding the circumstances of the robbery. However, she was unable to identify Valley as her assailant. The State entered into evidence testimony establishing that the fingerprints taken from the victim's car matched those of Valley.
The State also presented the testimony of Elizabeth Bonet, the victim of the November 23rd robbery. Bonet testified that at approximately 9:45 p.m., she drove up to the same ATM. A man in a hooded sweatshirt rushed up, grabbed her hands and told her to empty out her account. The assailant then proceeded to open up the back door of her car and get into the back seat. After she withdrew money and gave it to him, he exited the car and fled on foot. The victim was unable to identify Valley as her assailant. However, she generally described the assailant as a young black man, approximately 5'10", wearing a dark colored hooded sweatshirt.
The State then offered into evidence photographs taken from a camera located at the ATM that had filmed the November 23rd robbery. Detective Michael Jasinski was called to the stand and testified that after he received Valley's name as a suspect from Officer Powser, he took a photograph to Valley's last known place of employment. He testified that a Mr. Bett, a previous co-worker of Valley's, was able to identify the man in the photograph as Valley. Valley objected to this testimony as hearsay. The trial court overruled the objection.
The State's final evidence linking Valley to the robbery was Officer Powser's testimony regarding the circumstances of December 23rd where he observed Valley driving around the parking lot suspiciously and the subsequent stop. Based on this evidence, the jury found Valley guilty of both counts. He was subsequently sentenced to life in prison.
Valley argues that he is entitled to a new trial because the trial court erred in allowing Detective Jasinski to testify regarding the identification made by Mr. Bett on the basis that it is inadmissible hearsay. He also argues that the trial court erred in allowing evidence relating to the November 23rd robbery and the December 23rd incident with Officer Powser on the basis that it is inadmissible collateral crime evidence.
We first address Detective Jasinski's testimony that Mr. Bett identified the man in the photograph of the November 23rd robbery as Valley. Pursuant to section 90.801, Florida Statutes, (2002), an out of court statement of identification is hearsay unless the declarant testifies at trial and is subject to cross-examination. In the instant case, Mr. Bett did not testify at trial and therefore was not subject to cross-examination. Detective Jasinski's testimony was clearly hearsay. The State argues that the testimony was not hearsay because it was not admitted to prove the truth of the matter asserted, but rather to establish the sequence of events during the investigation and to explain why the police focused on Valley. The State did not present this theory below, therefore the trial court did not have the benefit of this argument and was unable to weigh the prejudicial effect. In addition, without an awareness of this alleged basis for admissibility, Valley was unable to request a limiting instruction. Furthermore, the State utilized the testimony for the truth of the matter asserted during closing argument when it told the jury to rely on Mr. Bett's identification.
The State argues that even if the admission of the testimony was erroneous, it was harmless error since the photograph itself was admitted into evidence. The State contends that the jury could see for *468 itself whether it was Valley in the photograph. Therefore, Mr. Bett's identification was harmless. It may have been harmless error had the State not used Mr. Bett's identification to bolster its case during closing argument. During closing, the State told the jury that if it was not sure that it was Valley in the photograph, it should "listen to Mr. Bett." In addition, the State argued, "Mr. Bett knows that's him." Since identification was the contested focus of the trial, we cannot say that the error was harmless beyond a reasonable doubt. See Goodwin v. State, 751 So.2d 537, 542 (Fla.1999) (applying harmless error test established in State v. DiGuilio, 491 So.2d 1129 (Fla.1986), burden is on the state to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict).
We next address Valley's argument that the trial court erred in allowing testimony and evidence relating to the November 23rd robbery and the December 23rd incident with Officer Powser. Section 90.404(2)(a), Florida Statutes (2002), codifies the standard for admission of collateral crime evidence as established in Williams v. State, 110 So.2d 654 (Fla. 1959). It provides:
Other crimes, wrongs, or acts.
Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
If the sole relevancy of each of the above incidents to each other is to establish the propensity or bad character of Valley, they are inadmissible.
The material issue sought to be proved by the State's notice of intent to use similar fact evidence was the defendant's identity. The State sought to prove Valley was the assailant in Gentry's case by showing his modus operandi, i.e., the circumstances of both Bonet's case and Gentry's case.
The mode of operating theory of proving identity is based on both the similarity of and the unusual nature of the factual situations being compared. A mere general similarity will not render the similar facts legally relevant to show identity. There must be identifiable points of similarity which pervade the compared factual situations.
Drake v. State, 400 So.2d 1217, 1219 (Fla. 1981).
A mere general similarity will not render the similar facts legally relevant to show identity. See Chandler v. State, 702 So.2d 186, 192 (Fla.1997). In order for collateral crime evidence to qualify as "similar," the facts and circumstances must establish a sufficiently unique pattern of criminal activity when all of the common points are considered together. The cumulative effect of the numerous similarities between the two crimes is the establishment of a unique modus operandi which points to the defendant as the perpetrator. Id. at 193.
The admission of evidence relating to the November 23rd robbery was not error. Photographs taken from the surveillance camera of the November 23rd robbery link Valley to the crime. There were many similarities between the two robberies. The robberies took place at the same location, at approximately the same time of night, four days apart from each other. The victims gave similar descriptions of their assailants and both stated that the assailant was wearing a dark colored hooded sweatshirt. In addition, the sequence of events in both robberies was *469 very similar: the assailant approached the rear of the vehicle, got in the back seat behind the driver's side, demanded money, but did not produce a weapon, and fled on foot. When all of these similarities are considered together they become a unique pattern of criminal activity.
However, the admission of evidence relating to the December 23rd incident with Officer Powser was error. Officer Powser testified that on December 23rd he was conducting surveillance of the ATM and surrounding area. He observed a silver vehicle containing Valley and a female companion slowly circling the area and acting suspiciously. He stopped the vehicle and while speaking with Valley he observed a hooded sweatshirt in the back seat. There are not sufficient similarities between this incident and the robbery that would make this testimony admissible. The State offered this testimony to place Valley at the scene and to connect him with the hooded sweatshirt. The erroneous admission of collateral crime evidence is presumed prejudicial because of the danger that a jury will take the bad character or propensity to commit a crime as evidence of guilt of the crime charged. In the instant case, this testimony was harmful error. During closing argument, the State argued:
The clincher is what are the chances that this happened? And also, three weeks later, Darryl Valley just happens to be with his girlfriend sitting in the car, who won't tell him where the mall is, with a dark sweatshirt on the back seat or a hooded sweatshirt. Going back to that exact ATM. I mean this man was at the ATM. This man was at the ATM. This man was at an ATM.
The State clearly focused on Officer Powser's testimony as part of its case. Since the State felt this testimony was "the clincher," we can hardly say that its admission was harmless beyond a reasonable doubt. We reverse and remand for a new trial.
REVERSED.
STONE and SHAHOOD, JJ., concur.
NOTES
[1] Evidence of this robbery was never presented by the State at the hearing on the Notice of Intent and was never admitted during trial; therefore, there is no issue relating to this evidence.