POLEN, J.
Appellant, Darryl Valley, appeals the trial court’s final order of conviction and sentence, based on a jury verdict finding him guilty of one count of strong arm robbery and one count of burglary with assault. The robbery Valley is charged with in the instant case took place on November 23,1999. Prior to Valley’s trial, the State filed a notice of intent to use evidence of other crimes and bad acts, a.k.a. Williams[1] rule evidence, pursuant to section 90.404, Florida Statutes. The State wished to introduce evidence of a similar robbery occurring on November 27, 1999, with which Valley was charged in a separate case, as well as evidence of a similar attempted robbery on December 19, 1999, and testimony regarding police surveillance conducted on December 23, 1999 at the scene of the earlier robberies. Valley objected to the introduction of this evidence. The trial court allowed the State to present evidence of the November 27th robbery, as well as evidence of the attempted robbery and the police surveillance. Based on this court’s holding in Valley v. State (“Valley I”), 860 So.2d 464 (Fla. 4th DCA 2003), we reverse and remand.
Valley I, the case in which Valley was charged with the November 27, 1999 robbery, resulted in his conviction, and he appealed to this court. The trial court in that case had allowed the State to present evidence of the November 23, 1999 robbery that Valley is charged with in the instant case, as well as evidence of the similar attempted robbery and police surveillance. This court reversed Valley’s conviction because of the introduction of *699 the December 23, 1999, police surveillance, and remanded to the trial court. See generally Valley I. This court stated:
There are not sufficient similarities between this incident and the robbery that would make this testimony admissible. The State offered this evidence to place Valley at the scene and to connect him with the hooded sweatshirt. The erroneous admission of collateral crime evidence is presumed prejudicial because of the danger that a jury will take the bad character or propensity to commit a crime as evidence of guilt of the crime charged. In the instant case, this testimony was harmful error.... Since the State felt this testimony was “the clincher,” we can hardly say that its admission was harmless beyond a reasonable doubt.
Id. at 469. Based on this court’s holding in Valley /, we reverse and remand for a new trial.
FARMER and TAYLOR, JJ., concur.

. 110 So.2d 654 (Fla.1959).