WARNER, J.
 

 In his trial for first-degree murder, appellant defended on the ground of self-defense. The trial court ruled that a witness could not testify that appellant looked fearful when approached by the victim. Because the witness’s testimony was admissible pursuant to section 90.701, Florida Statutes, and we cannot find the error in failing to admit it harmless beyond a reasonable doubt, we reverse.
 

 This crime arose out of a dispute between appellant and the victim. Appellant Bryant approached the victim, Swint, and confronted him about some light bulbs. Bryant appeared upset. He pulled some brass knuckles from his pocket and swung at Swint. Swint backed up and reached into the back of his friend’s truck for a flat bar, which he used to chase Bryant. Bryant went into
 
 his
 
 apartment and re
 
 *715
 
 trieved a gun. Upon exiting the apartment, Bryant aimed the gun at Swint and verbally threatened to kill him, but then aimed the gun down. As Swint approached him, Bryant discharged the weapon.
 

 An eyewitness, Glenda Byrd, testified to the events. During cross-examination of Byrd, defense counsel asked whether she saw Bryant’s face when he fired the gun. She replied, “It was fear, like he was afraid.” The • prosecutor moved to strike on the grounds that it was speculative. The court told the jury to disregard the testimony. The court ruled that the witness could describe what she observed, but she “cannot under any way say he was in fear.”
 

 Cross-examination resumed and defense counsel then asked, “Were you able to see Phillip Bryant’s facial expression just before he shot the gun?” to which Byrd responded, “Yeah, Phillip was really upset.” The state again objected and moved to strike on the grounds that it was speculative and went to his mental state. The court sustained the objection. Defense counsel then asked, “Did he screech his eyes and cheeks and get all tense?” Byrd answered, “Just angry.”
 

 Bryant testified in his defense that Swint chased him with a crowbar, yelling that he would kill him. Bryant retreated to his apartment to get a rifle. When he went outside, he heeded his wife’s warning to put the gun down. But Swint came towards him, telling him that he (Swint) would kill him. Swint lunged for the gun, and Bryant snatched it back, discharging it. At the time it went off, Bryant was in fear.
 

 The jury ultimately convicted Bryant of first-degree murder. The court adjudicated him guilty and sentenced him to life in prison as a habitual offender. This appeal follows.
 

 Bryant contends that he should receive a new trial because Glenda Byrd was not allowed to testify about her observation that Bryant appeared fearful when he fired the shot. This court reviews a ruling on the admissibility of evidence for abuse of discretion as limited by the rules of evidence.
 
 Nardone v. State,
 
 798 So.2d 870, 874 (Fla. 4th DCA 2001).
 

 “Generally, a lay witness may not testify in terms of an inference or opinion.”
 
 Floyd v. State,
 
 569 So.2d 1225, 1231-32 (Fla.1990). However, a lay witness may offer an opinion or inference about what she perceived when:
 

 (1) The witness cannot readily, and with equal accuracy and adequacy, communicate what he or she has perceived to the trier of fact without testifying in terms of inferences or opinions and the witness’s use of inferences or opinions will not mislead the trier of fact to the prejudice of the objecting party; and
 

 (2) The opinions and inferences do not require a special knowledge, skill, experience, or training.
 

 § 90.701, Fla. Stat. “A lay witness may describe a person’s physical appearance using opinions that do not require special skill, so long as the opinions are based upon observations of the witness.”
 
 Bush v. State,
 
 809 So.2d 107, 119-20 (Fla. 4th DCA 2002). “As it is practically impossible to describe another’s appearance in such a manner as to convey to a jury an accurate picture of the emotions shown by him at the time, in criminal cases, a witness may testify that a person was angry, threatening, or pretty mad.”
 
 Shiver v. State,
 
 564 So.2d 1158, 1160 (Fla. 1st DCA 1990) (permitting testimony from witnesses that the defendant was angry, looked like he was seeking revenge, and that it looked like there was going to be trouble). While a witness may describe
 
 *716
 
 another person’s appearance and mental state, he should not testify to that person’s undisclosed intent or motive.
 
 Id.
 

 The trial court abused its discretion by preventing Byrd from testifying that Bryant appeared fearful, because the evidence was both admissible and relevant to his self-defense claim. Under the first prong of section 90.701, the description was necessary for Byrd to adequately communicate her observations, and the testimony would not have misled the jury. Under the second prong, no specialized training was required to recognize fear in someone’s expression. Testimony that Bryant appeared fearful was relevant to demonstrate that he “actually believed that the danger was real.” Fla. Std. Jury Instr. (Crim.) 3.6(f).
 

 We cannot conclude that the error was harmless beyond a reasonable doubt.
 
 See State v. DiGuilio,
 
 491 So.2d 1129 (Fla.1986). Bryant testified that Swint had a crowbar in his hand earlier and continued to threaten to kill him as he approached Bryant who was holding the gun. While Bryant himself testified that he was in fear, the jury may have very well placed greater credence in an independent eyewitness. Furthermore, by refusing to permit Byrd to testify to observing a fearful expression, Byrd then had to use various other terms and settled on “angry.” That constitutes an entirely different emotion than “fear” and one inconsistent with a claim of self-defense. In and of itself it may have swayed the jury on the self-defense claim.
 

 We reverse and remand for a new trial.
 

 GROSS, C.J, and CIKLIN, J„ concur.