WARNER, J.
During appellant’s trial for driving with a revoked license and resisting a police officer without violence, the state elicited testimony from the arresting officer that, at the arrest scene, appellant’s children identified appellant as their father, which went to prove the identity of the driver of the vehicle that the officer had stopped. Because the children did not testify at trial, this statement constituted inadmissible hearsay. We reverse, as we cannot conclude that the admission of the evidence was harmless beyond a reasonable doubt.
An officer of the Fort Lauderdale Police Department testified that he saw a vehicle being driven by a driver who was not wearing a seatbelt. The officer made a U-turn so that he could make a traffic stop. He turned on his lights and siren. By the time he caught up to the vehicle, it was stopped and the driver had stepped out and was walking towards the back of the vehicle. The officer asked the driver to get back in the vehicle, but he did not comply. The officer asked for his license, registration and insurance. The driver said that he didn’t have his license with him but that it was in the house where he had stopped. The officer then asked for the driver’s name. The driver gave his first name, “Scotty,” but hesitated to give his last name. The officer then changed the question and asked for his social security number. The driver gave a social security number which the officer wrote down. The officer wanted to verify the driver’s identity, but the driver started walking away. The officer asked him to stop, but the driver didn’t comply and instead ran into the house and locked the door. The officer pursued and tried to open the door of the house but couldn’t. A resident of the house came out when he knocked and gave him permission to check the home. He did not find the driver inside the house.
There were children in the vehicle with the driver. Although the appellant filed a motion in limine and objected at trial to any testimony from the officer as to what the children said,[1] the court allowed the *406 officer to tell the jury that the children in the vehicle were appellant’s children. The officer did not have personal knowledge of their parentage but learned it from what the children told him at the scene.
The officer also used the DAVID (Driver and Vehicle Information Database) to identify appellant. He put in the social security number given to him by the driver, and appellant’s driver’s license picture appeared. The officer was able to identify appellant in court. Nevertheless, the defense challenged the officer’s identification by noting that the officer had noted on his police report that appellant did not have gold teeth, when in fact he did.
In closing argument, the prosecutor referred at least three times to the children’s identification of the appellant as their father and driver of the car to refute the appellant’s theory that the officer’s identification was faulty. The prosecutor stated:
[The Officer] told you that it was determined that the three children who were inside of that vehicle were the children of this defendant....
Does [the officer] coming in here and saying this is the man that I saw on April 10th of 2010, does that agree with Mr. Golden’s children saying that that was their father? I submit to you, yes....
Defense counsel talked about corroborating evidence, things to corroborate what [the officer] testified to. So, let’s talk about the evidence that we have that corroborates his testimony, specifically the fact that Mr. Golden was the man on the scene-There was testimony that the three passengers in the vehicle identified themselves as the children of Mr. Scotty Golden.
The jury found the appellant guilty, and the court convicted and sentenced him, prompting this appeal.
Appellant argues that the court allowed the officer to testify to inadmissible hearsay when he testified that the children had identified appellant as their father. We review a ruling on the admissibility of evidence for abuse of discretion as limited by the rules of evidence. Bryant v. State, 17 So.3d 713, 715 (Fla. 4th DCA 2009) (citing Nardone v. State, 798 So.2d 870, 874 (Fla. 4th DCA 2001)).
Section 90.801(2)(c) deals with identification testimony. It provides: “[a] statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is ... [o]ne of identification of a person made after perceiving the person.” (Emphasis added). Appellant contends that in order for a statement to be non-hearsay the declarant must testify at trial.
In Hayes v. State, 581 So.2d 121, 124 (Fla.1991), our supreme court determined that section 90.801(2)(c) requires the de-clarant to testify at trial. There, Hayes plotted with two others to rob a taxi driver and kill him. Hayes succeeded in robbing, shooting, and killing the driver, causing the taxi to crash in the process. When the taxi crashed, a thirteen-year-old boy recognized one of the codefendants as he was fleeing the scene and told his father who it was. At trial the father was allowed to testify as to what his son had told him— that he had recognized one of the other codefendants who was with Hayes at the crime scene. The defense objected that the evidence was inadmissible under section 90.801(2)(c), because the declarant (the son) did not testify at trial. The state *407 argued that the statement was admissible because it was one of identification made after perceiving the defendant. The court overruled the objection and admitted the father’s statement of what the thirteen-year-old son had said. The Florida Supreme Court ruled that section 90.801(2)(c) allowed admission of statements of identification, and thus excluded them from the definition of hearsay, only if the declarant also testified at trial. Id. See also Valley v. State, 860 So.2d 464, 467 (Fla. 4th DCA 2003) (detective’s testimony that co-worker had identified man in surveillance tape as defendant was hearsay when co-worker did not testify at trial).
This case is similar to Hayes. The officer’s testimony of what the children said (identifying appellant as their father and the driver of the vehicle) was inadmissible hearsay, because the children did not testify. Contrary to the state’s contention that the officer had other knowledge that the children were those of the appellant, it is clear that the officer was testifying based only on what the children told him. The officer was asked, “How do you know they were [appellant’s] children?” To this he responded, “They told me that was [their] dad.” Thus, the court erred in permitting the officer to testify to the identification of appellant made by the children.
The state has not proved the error was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986) (error is harmless if the state proves beyond a reasonable doubt that the error did not contribute to the verdict, or alternatively stated, that there is no reasonable possibility that the error contributed to conviction). Although the officer said that he used the social security number to pull up the defendant’s picture, in his report he noted that the defendant did not have gold teeth when it was apparent that he did. Therefore, there was some evidence which would suggest misidentifi-eation. The prosecutor used the children’s identification for corroboration. Admission of that testimony was not harmless error.

Reversed and remanded for a new trial.

GROSS and CIKLIN, JJ., concur.

. At trial prior to the officer testifying, the court again told the defense: “We already went over this. Identification is an exception to the hearsay rule, is it not? I've already *406 ruled[.]” Section 90.104(1), Florida Statutes, provides, "If the court has made a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal.”