GROSS, J.
Kevin Constant appeals his conviction of two counts of armed robbery following a jury trial. We reverse the conviction because the trial court admitted hearsay evidence identifying Constant as the armed robber. The error was not harmless because the State relied on the hearsay to support the prosecution, as the issue of identification was contested.

The Robbery

On May 1, 2008, Salieu Deen and Dwayne Scott were working the cash registers at a gas station. At approximately 9:00 a.m., a man entered the gas station, pointed a small, silver and gold gun at the two workers, and took about $400 from the cash registers. A recording on the gas station’s video security camera showed the robber flee the scene in a red Volvo S60 with dark window tint.
Approximately seven hours after the robbery, police officers observed Constant park a red Volvo a few miles from the gas station. As the officers approached, Constant dropped a red bandana and fled on foot. Following a chase, Constant was eventually apprehended after being hit by a car, fighting with the police, and being tackled by two officers.
Upon his arrest, police officers noted that Constant was neither wearing the same clothes as the man in the surveillance video, nor was he carrying cash or a gun on his person. In addition, the police observed multiple tattoos on Constant’s right arm and hand; however, the lead detective did not see any tattoos on the robber in the surveillance video. When the officers returned to the location where Constant parked the Volvo, the vehicle was gone— having been driven away by another individual. The police recovered the Volvo eight hours later in the possession of a third person, after which authorities learned that yet another person had originally rented the Volvo.
Due to the injuries he sustained from being hit by a car, Constant was transported to the hospital, where the lead detective interviewed him. During the recorded interview, Constant denied involvement in the robbery. In an unrecorded portion, however, the detective showed Constant a photo from the surveillance video. Constant’s reaction was to ask how the detective had a photo of him. Another detective, who was present at the time, also testified to Constant’s statement, but did not include it in his report.
The police processed the crime scene for latent fingerprints and swabbed for DNA in the areas that the robber had touched. Although the police obtained twenty-two prints of value from the counter, glass door, and cash drawer, none of the prints matched those of Constant.

One Victim’s Testimony

At trial, Deen testified that Constant pointed a gun at Scott, prompting Scott to hand over the cash from the register. Constant then pointed the gun at Deen, took the cash from the register, and fled the store.
Deen testified that he saw Constant’s face clearly during the robbery. Deen was *124 also able to identify Constant from a photo lineup several days after the robbery, and again in the courtroom at trial. According to Deen, the robber was wearing a red bandana on his head, a white t-shirt or sleeveless tank top, and blue jeans. However, he did not notice any tattoos on the robber’s arms or hands.
The other victim, Scott, did not testify at trial. Instead, the State called a police officer to say that Scott identified Constant in a photo lineup. The defense objected, arguing that the proposed evidence was inadmissible hearsay, a violation of the Confrontation Clause, and contrary to the United States Supreme Court’s decision in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The trial court overruled the defense’s objection, finding that the testimony was admissible as a hearsay exception.
Over objection, the police officer testified that Scott identified Constant from a series of photos as the man who robbed him. According to the officer, Scott signed and dated the photo, on which he wrote: “This is the person that pull [sic] out a gun on me while I was working at the [gas station].” Over the defense’s renewed objection, the photo was then admitted into evidence.

Closing Arguments

During closing arguments, the State stressed Scott’s identification of Constant as the robber, stating, “Dwayne Scott told [the officer], ‘That’s the man who robbed me. He signed it, dated it, initialed it.” Additionally, in rebuttal argument, the State relied on Scott’s identification twice more, stating:
The fact that Dwayne Scott identified him — Dwayne Scott was in a separate location by himself with an officer, identified him from these pictures.... Mr. Deen was in a separate location with a different officer, identified him from these pictures.
[[Image here]]
[ T]hat it was in fact Mr. Constant who was identified by both victims in the case....
(Emphasis added). The jury eventually found Constant guilty as charged, and the trial court sentenced him to life in prison.
On appeal, Constant argues that the trial court committed reversible error in admitting the officer’s testimony of Scott’s identification because such evidence presented inadmissible hearsay. As an issue involving the admissibility of evidence, we review this matter for an “abuse of discretion, limited by the rules of evidence.” Bartholomew v. State, 101 So.3d 888, 891 (Fla. 4th DCA 2012) (citing Padgett v. State, 73 So.3d 902, 904 (Fla. 4th DCA 2011)).

Hearsay

“Except as provided by statute, hearsay evidence is inadmissible.” § 90.802, Fla. Stat. (2010). Hearsay is “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” Dixon v. State, 107 So.3d 527, 533 (Fla. 4th DCA 2013) (citing § 90.801(l)(c), Fla. Stat. (2010)). While a declarant’s out-of-court statement will generally fall within this blanket prohibition, section 90.801(2)(c), Florida Statutes (2011), provides for an exclusion from hearsay for certain identification testimony, providing, in pertinent part:
(2) A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is:
[[Image here]]
*125 (e) One of identification of a person made after perceiving the person.
§ 90.801(2)(c), Fla. Stat. (2011) (emphasis added).
Construing the plain language of the statute, Florida courts have consistently recognized that where a person making an out-of-court identification does not testify at trial, evidence of the identification will not be admissible. See Hayes v. State, 581 So.2d 121, 124 (Fla.1991) (“Section 90.801(2)(c) excludes from the definition of hearsay out-of-court statements of identification only when the declarant also testifies at trial.”) (citing State v. Freber, 866 So.2d 426 (Fla.1978)); see also Valley v. State, 860 So.2d 464, 467 (Fla. 4th DCA 2003) (holding that a detective’s testimony that a co-worker had identified a man in a photograph as the defendant was inadmissible hearsay where the co-worker did not testify at trial); Edwards v. State, 967 So.2d 308, 311 (Fla. 3d DCA 2007) (holding that an officer's testimony that a witness had identified the defendant as an armed robber was hearsay where the witness did not testify at trial and was not cross-examined).
In this case, Scott did not testify at trial and was not subject to cross-examination. As such, the officer’s testimony regarding Scott’s out-of-court identification of Constant was inadmissible hearsay, making the admission of the associated identifying photograph erroneous.

Harmless Error

To affirm the conviction despite the error, the State bears the burden of proving that “ ‘there [wa]s no reasonable possibility that the error contributed to the conviction.’ ” Deviney v. State, 112 So.3d 57, 79 (Fla.2013) (quoting State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986)).
Although Deen was able to unequivocally identify Constant at trial, the State has nonetheless failed to meet this burden because the defense raised legitimate questions regarding the possibility of misidentification. In Golden v. State, 114 So.3d 404 (Fla. 4th DCA 2013), for example, we reversed a conviction of driving with a suspended license and resisting an officer without violence after the trial court allowed a police officer to testify that children in a vehicle identified the defendant as their father. At trial, the officer used this fact and a photograph from the Driver and Vehicle Information Database to identify the defendant as the driver. Id. at 405-06. The officer also noted on his police report that the defendant did not have gold teeth, when in fact he did. Id. at 406. Finally, the prosecutor compounded the error by referring to the children’s identification at least three times in closing argument. Id. Under such circumstances, we held that admission of the testimony was not harmless because the evidence suggested misidentification and the prosecutor used the inadmissible hearsay as corroboration. Id. at 407.
Here, like Golden, both Deen’s testimony and the surveillance video suggested that the man who robbed the gas station had no tattoos on his arm or hand; the record, however, reflects that Constant has multiple tattoos on his arm and hand, and that he had those tattoos on the day of the robbery. This contradiction undermines Deen’s identification of Constant as the robber, making Scott’s corroborating identification all the more crucial.
In addition to the tattoos, the evidence presented also showed that (1) Constant was not wearing the same clothes as those worn by the man in the video; (2) Constant did not possess the gun used in the robbery or the cash that was stolen; (3) at least two other people had access to the Volvo on the day of the robbery; and (4) none of the latent fingerprints lifted from *126 the crime scene matched Constant’s fingerprints. Although detectives testified that Constant identified himself as the robber in the unrecorded portion of an interview, the issue was contested at trial. The State relied upon the error in closing argument and rebuttal by relying on Scott’s inadmissible identification to support its case. See Bartholomew, 101 So.3d at 894 (“When determining prejudice, appellate courts may look at whether the State compounded the error by relying on the evidence in final argument.”) (citing Killian v. State, 730 So.2d 360, 363 (Fla. 2d DCA 1999)).
For these reasons, we cannot say beyond a reasonable doubt that the addition of Scott’s identification did not affect the jury’s findings.

Reversed and remanded for a new trial.

MAY and LEVINE, JJ., concur.