Taylor, J.,
dissenting.
I respectfully dissent. I would hold that the trial court reversibly erred in admitting the officer’s testimony regarding the typical beliefs of drug dealers as evidence of appellant’s guilt. This type of testimony is clearly inadmissible and highly prejudicial, and the error in admitting it cannot be considered harmless.
In Reynolds v. State, 74 So.3d 541 (Fla. 4th DCA 2011), we held that the trial court *381 reversibly erred in admitting, over the defendant’s speculation objection, an officer’s testimony regarding general criminal behavior as evidence of the defendant’s guilt. We explained: “Although general criminal behavior testimony is usually objected to on the basis of relevancy, we note that such testimony was deemed inadmissible in a case concerning common behavior of drug dealers where the testimony was objected to at trial as speculative.” Id. at 542 n.l (citing Petion v. State, 48 So.3d 726, 728 (Fla. 2010)). Thus, in Reynolds, we necessarily decided that a speculation objection was sufficient to preserve the issue for appellate review.
A speculation objection is inherently founded on relevance. Speculative evidence is another form of irrelevant evidence. “[T]he prohibition against an examiner’s question that calls for an answer based on speculation and conjecture is also founded on the concept of relevancy. Such testimony is irrelevant, because it does not have a tendency in reason to prove or disprove the disputed issue on which the testimony is proffered.” People v. Rodriguez, 58 Cal.4th 587, 168 Cal.Rptr.3d 380, 319 P.3d 151, 185-86 (2014) (citation and internal quotation marks omitted). Likewise, under Florida law, speculative testimony is not relevant evidence, because it does not tend “to prove or disprove a material fact.” § 90.401, Fla. Stat. (2014).
I recognize that in Jones v. State, 908 So.2d 615 (Fla. 4th DCA 2005), we treated a speculation objection as being insufficient to preserve a relevance argument for appellate review, explaining: “[T]he issue is preserved with respect to speculation, but the issue is not preserved with respect to relevance because Jones did not raise that specific argument below.” In my view, this approach draws too fine a distinction and elevates semantics over substance.
But even in Jones, we addressed the merits of the speculation objection on appeal, recognizing that “[tjestimony based on speculation should be excluded as inadmissible.” Id. at 621. Here, appellant lodged an objection based on speculation at trial, but the majority does not meaningfully address the merits of whether the trial court abused its discretion in overruling appellant’s speculation objection.
It is undeniable that appellant’s speculation objection was preserved for appellate review. Although appellant’s initial brief treats speculation and relevance as synonymous objections, appellant did not abandon the argument that the officer’s testimony was speculative. Indeed, appellant’s initial brief phrases the issue on appeal as follows: “The trial court abused its discretion and erred in overruling appellant’s speculation objection to [the officer’s] direct examination testimony concerning typical beliefs of other drug dealers.”
Even treating appellant’s speculation objection as wholly distinct from a relevancy objection, appellant’s speculation objection should have been sustained. “The law seems well established that testimony consisting of guesses, conjecture or speculation—suppositions without a premise of fact—are clearly inadmissible in the trial of causes in the courts of this country.” Draekett Products Co. v. Blue, 152 So.2d 463, 465 (Fla. 1963). “[A] witness may not testify to a matter unless evidence is introduced which is sufficient to support a finding that the witness has personal knowledge of the matter.” § 90.604, Fla. Stat. (2014). Moreover, “[wjhile a witness may describe another person’s appearance and mental state, he should not testify to that person’s undisclosed intent or motive.” Bryant v. State, 17 So.3d 713, 715-16 (Fla. 4th DCA 2009). Here, the prosecutor’s question called for the officer to speculate as to appellant’s undisclosed intent based *382 upon the typical beliefs of drug dealers. The officer had no personal knowledge of appellant’s undisclosed intent. Therefore, the trial court abused its discretion in overruling appellant’s speculation objection.
In short, regardless of whether the objection below was phrased as “speculation” or “relevance,” the trial court should have sustained it. The officer’s testimony concerning the subjective beliefs of drug dealers was clearly inadmissible and highly prejudicial. As we have emphasized many times, “[gjeneral criminal behavior testimony is not allowed as substantive proof of a defendant’s guilt because every defendant has the right to be tried based on the evidence against him, not on the characteristics or conduct of certain classes of criminals in general.” Dean v. State, 690 So.2d 720, 723 (Fla. 4th DCA 1997) (citation and internal quotation marks omitted); see also White v. State, 971 So.2d 972, 973 (Fla. 4th DCA 2008); Hargrove v. State, 431 So.2d 732, 733 (Fla. 4th DCA 1983). Here, appellant had the right to be tried based on the evidence against him, not on the beliefs of certain classes of criminals in general. This testimony, which was offered to prove appellant’s undisclosed intent, was both speculative and irrelevant.
Finally, the State has not met its burden of showing beyond a reasonable doubt that the error did not contribute to the verdict. See State v. DiGuilio, 491 So.2d 1129,1136 (Fla. 1986). I would therefore reverse and remand for a new trial.